O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA. | ) | Case No. CR 06-599 CAS |
|---|---|---|
| Plaintiff, | ) ) | **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** |
| vs. | ) ) ) ) | |
| Melida Flores, | ) ) | |
| Defendant. | ) ) | |

## I. INTRODUCTION AND BACKGROUND

On October 4, 2010, the Court sentenced defendant Melida Flores ("defendant") to 108 months imprisonment following her guilty plea for two counts of conspiracy with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846, and eleven counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), and (b)(1)(B)(iii). The Ninth Circuit affirmed defendant's sentence by order dated February 28, 2012.

On November 17, 2011, defendant filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). Defendant sought to have her sentence reduced on the ground that the Court should retroactively apply Amendment 750 to U.S.S.G. § 1B1.10. By order dated July 5, 2012, the Court denied defendant's motion on the grounds that the

Court, at the time of sentencing, had granted the government's request to treat retroactively the Fair Sentencing Act ("FSA"), Pub. L. No. 111-120, 124 Stat. 2372 (2010). Therefore, defendant had already been afforded the relief she sought in her motion. Defendant filed a second motion on August 16, 2012, seeking the same relief on the same ground.[1] The government filed an opposition on September 21, 2012. After carefully considering the arguments of both parties, the Court finds and concludes as follows.

## II.     LEGAL STANDARD

### A.     Local Rule 7-18

Local Rule 7-18 sets forth the bases upon which the Court may reconsider the decision on any motion:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

### B.     18 U.S.C. § 3582(c)(2)

18 U.S.C. § 3582(c)(2) provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—in the case of a defendant who has been sentenced to a term of imprisonment based

---

[1] The Court will treat this second motion as a motion for reconsideration of its July 5, 2012 order.

> on a sentencing range that has subsequently been lowered
> by the Sentencing Commission . . . the court may reduce
> the term of imprisonment, after considering the factors set
> forth in Section 3553(a) to the extent they are applicable . . . .

A motion brought pursuant to § 3582(c)(2), however, "is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the original sentence." United States v. Whitebird, 55 F.3d 1007, 1011 (5th Cir. 1995). "Rather, it is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give certain defendants the benefits of an amendment to the Guidelines." Id.

C.D. Cal. L.R. 7-18.

### III.  DISCUSSION

Defendant has failed to present any changed circumstances since the time of the Court's previous order that would warrant a reduction in sentence. See C.D. Cal. L.R. 7-18. As the Court stated in its July 5, 2012 order, the Court granted the government's request to treat the FSA retroactively at defendant's sentencing hearing, thereby decreasing the low-end of the applicable Sentencing Guidelines range from 135 months to 108 months. The Court then sentenced defendant to a term of 108 months. Therefore, defendant has already received the benefit of a sentence reduction under the FSA.

### IV.  CONCLUSION

Accordingly, the Court DENIES defendant's motion for reconsideration of its order dated July 5, 2012.

IT IS SO ORDERED.

Dated:      September 6, 2013

*Christina A. Snyder*

CHRISTINA A. SNYDER
United States District Judge